**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.W. and G.W.**

**No. 24-292** (Wood County CC-54-2023-JA-276 and CC-54-2023-JA-277)

**MEMORANDUM DECISION**

Petitioner Father L.W.[1] appeals the Circuit Court of Wood County's April 18, 2024, order terminating his parental rights to S.W. and G.W.,[2] arguing that the court erred by denying his motion for a post-adjudicatory improvement period and terminating his parental rights. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2023, the DHS filed a petition alleging that the petitioner committed an extreme act of domestic violence against the mother of S.W. (hereinafter "the mother") in S.W.'s presence and while under the influence of alcohol. Specifically, the petitioner, among other things, strangled the mother, repeatedly hit her in the face, hit her head against pavement, and threatened her with loaded firearms. During the attack, the petitioner and the mother sometimes held S.W. After the mother called 9-1-1, the petitioner was arrested and later indicted on charges of strangulation, wanton endangerment involving a firearm, and domestic battery. While the petitioner's other child, G.W., was not present for this specific event, the child had a room at the home and resided with the petitioner every other month for seventeen days at a time pursuant to a parenting arrangement with that child's mother. The petition further alleged that the petitioner physically and mentally abused G.W.'s mother in G.W.'s presence on previous occasions. The petitioner stipulated to the allegations in the petition at an adjudicatory hearing held in January 2024. Therefore, the circuit

---

[1] The petitioner appears by counsel Zoey C. Vilasuso. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Katica Ribel. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Michael D. Farnsworth Jr. appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

court adjudicated him as an abusing and neglecting parent and found the children to be abused and neglected. The petitioner thereafter filed a written motion for a post-adjudicatory improvement period.

The circuit court then proceeded to disposition in March 2024. The petitioner testified and admitted that he had been abusing alcohol since he was eighteen years old but stated that he had recently completed a thirty-one-day substance abuse treatment program. He further testified that he had taken an eight-hour online anger management course and a sixteen-hour online domestic violence course. However, he claimed that he had "never endangered [his] kids in [his] life." When asked if he was indicating that he did not put S.W. in danger on the night in question despite drinking alcohol and handling loaded firearms, the petitioner denied that the firearms were loaded and insisted that "I know firearm safety so I would not say it was danger . . . [S.W. was] not in danger . . . during any of this." However, two deputies testified that the firearms were, in fact, found loaded, and one was located in the child's crib. Video footage of the night of the domestic violence incident, recorded by the home's security camera, was played in open court and admitted into evidence. The petitioner was asked about noises heard on the footage, and he admitted that S.W. was "screaming in the background." However, when asked about his violent actions, the petitioner claimed that he did not know how the mother got a bloody nose, stating "I couldn't tell you." While he admitted to prior acts of domestic violence against the mother, he denied ever being violent with G.W.'s mother. At the conclusion of the testimony, the circuit court noted its concern with "the fact that he testified today that he did not think the children were in danger" and stated that it "could not see how this court could ever see the children back in a situation where there could be a life-threatening incident." Although the court acknowledged the petitioner's efforts, it found that it was "too little too late." Considering the long-term nature of the petitioner's alcohol issues and the severity of the domestic violence, the court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future and that it would be contrary to the welfare of the children to be reunified with the petitioner. Additionally, the court found that the DHS was not required to make reasonable efforts to reunify the family in this case, and ultimately terminated the petitioner's parental rights after consideration of the dispositional alternatives. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner first argues that the court erred by failing to grant his motion for a post-adjudicatory improvement period. West Virginia Code § 49-4-610 permits circuit courts to grant improvement periods when a parent files a written motion requesting an improvement period and "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." The petitioner contends that he demonstrated that he would be likely to comply with an improvement period due to his participation in substance abuse treatment and anger management and domestic violence courses. Indeed, the court recognized the petitioner's efforts in this regard. However, considering his own testimony at disposition failing to recognize that his behavior placed the child in danger, such

_____

[3] The permanency plan for the children is to remain in the care of their nonabusing mothers.

efforts are insufficient. As we have repeatedly stated, "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Therefore, we see no abuse of discretion in the court's decision, as clearly improvement is unlikely. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely.").

The petitioner further argues that the circuit court erred by terminating his parental rights, asserting that the DHS failed to prove that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected or that termination was necessary for the child's welfare. We disagree, as the evidence supports the court's termination of the petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) permits circuit courts to terminate parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. Furthermore, when "the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help," a court may determine that there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. W. Va. Code § 49-4-604(d). Here, despite the petitioner's participation in various remedial services, he was still unable to acknowledge the seriousness of his actions and their impact on the children. In fact, he specifically testified that he had never endangered his children, even though the evidence showed that he was under the influence of alcohol and threatening the mother with loaded firearms while the child was present and screaming. Although the petitioner claimed that the firearms were unloaded, the deputies' testimony was to the contrary, and we cannot disturb the court's findings considering the weight of the evidence. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Because the petitioner failed to acknowledge the conditions of abuse and neglect, there was no reasonable likelihood that the petitioner could have corrected those conditions in the near future. Furthermore, the severity of the issues supports the court's finding that reunification would be contrary to the child's welfare, and we can discern no error under these circumstances.[4]

---

[4] The petitioner also asserts that the court erred by finding that the DHS was not required to make reasonable efforts to reunify the family in this case. However, we disagree, considering that West Virginia Code § 49-4-604(c)(7)(A) provides a non-exhaustive list of circumstances in which a circuit court may determine that reasonable efforts are not required. *See* W. Va. Code § 49-4-604(c)(7)(A) ("[T]he department is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child . . . to aggravated circumstances which include, *but are not limited to*, abandonment, torture, chronic abuse, and sexual abuse[.]") (emphasis added). In any event, the petitioner fails to point to any evidence in the record which demonstrates that he was prejudiced in this regard. The petitioner participated in treatment and services on his own; however, his failure to acknowledge the issues in this case at the time of disposition would clearly render any additional services futile. Therefore, we see no error in the court's findings.

Accordingly, we find no error in the decision of the circuit court, and its April 18, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: March 4, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

4